UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND, MID-AMERICA
CARPENTERS REGIONAL COUNCIL HEALTH
FUND, MID-AMERICA CARPENTERS REGIONAL
COUNCIL APPRENTICE AND TRAINEE PROGRAM,
and MID-AMERICA CARPENTERS REGIONAL
COUNCIL SUPPLEMENTAL RETIREMENT FUND,

    Plaintiffs,

v.

BILL WELDING & FABRICATION, LLC, an Illinois
limited liability company doing business as BWF
Construction and doing business as BWF Development,

    Defendant.

## COMPLAINT

Plaintiffs MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND ("Pension Fund"), MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND ("Health Fund"), MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE AND TRAINEE PROGRAM ("Trainee Fund"), and MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND ("Retirement Fund"); (hereinafter collectively the "Trust Funds"), by their attorney Kevin P. McJessy, complain of Defendant BILL WELDING & FABRICATION, LLC ("Defendant"), an Illinois limited liability company doing business as BWF Construction and doing business as BWF Development, as follows.

### SUMMARY OF THIS ACTION

1.    The Trust Funds bring this action against the Defendant under ERISA because Defendant failed to pay amounts owed to the Trust Funds pursuant to the Area Agreement and

the Trust Agreements for the period January 1, 2021 to December 31, 2022 ("Audit Period") as determined by an audit of Defendant's fringe benefit contributions ("contributions") by Legacy Professionals, LLP ("Legacy Professionals"). The Trust Funds seek payment of all contributions owed by Defendant for the Audit Period, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

## JURISDICTION

2. This Court has jurisdiction over this matter based on questions arising under §502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and §301 of the Taft-Hartley Act. (29 U.S.C. §§ 1132 and 185)

## VENUE

3. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans which are located in and administered in Chicago, Illinois.

## THE PARTIES

4. **The Trust Funds.** The Trust Funds receive contributions from numerous employers pursuant to the Area Agreement ("Area Agreement") between the employers and the Mid-America Regional Council of Carpenters (hereinafter referred to as the "Union") and therefore are multi-employer plans. (29 U.S.C. §1002)

5. The Trust Funds collect contributions on their own behalf and on behalf of related trust funds that have charged the Trust Funds with the obligation to collect contributions owed to them by Defendant on their behalf.

6. The Trust Funds then use the contributions to provide medical, pension, training and other benefits to Union carpenters and other persons.

7. **Defendant.** Defendant is an Illinois limited liability company engaged in an industry affecting commerce.

8. Defendant signed a Memorandum of Agreement ("Agreement") with the Union dated July 8, 2020. A copy of the Agreement is attached as Exhibit A.

9. Pursuant to the Agreement, Defendant agreed to be bound by the Area Agreements, by the terms of the trust agreements establishing each of the Trust Funds, and by the rules and regulations adopted by the Trustees of each of the Trust Funds.

10. The Agreement, the Area Agreements, the trust agreements and the rules and regulations adopted by the Trustees of each of the Trust Funds are hereinafter collectively referred to as "Agreements."

## GENERAL ALLEGATIONS

11. The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to maintain books and records sufficient for the Trust Funds or their designees to determine whether Defendant has accurately reported and paid contributions it owes to the Trust Funds.

12. The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to produce such books and records to the Trust Funds or their designees so that the Trust Funds or their designees can determine whether Defendant has accurately reported and paid contributions Defendant owes to the Trust Funds.

13. The Agreements require Defendant to contribute to the Trust Funds for each hour worked by Defendant's employees performing bargaining unit work.

14. The Agreements require that if Defendant elects to make contributions for an employee who was previously a journeyman carpenter and reported to the Trust Funds as a journeyman carpenter and who thereafter works in a superintendent or management personnel

position, then the Defendant shall report and pay contributions to the Trust Funds on behalf of such employee at a rate of 160 hours per calendar month.

15. The Agreements prohibit the employer from subcontracting bargaining unit work to nonunion subcontractors for work performed at a jobsite. The Area Agreement provides that if Defendant subcontracts bargaining unit work to a subcontractor who is not signatory to the Area Agreement, then Defendant shall require the subcontractor to be bound by the terms of the Area Agreement or Defendant shall maintain daily records of the subcontractor's employees and pay contributions to the Trust Funds for the hours worked by the subcontractor's employees.

16. At the Trust Funds' direction, the independent auditing firm Legacy Professionals initiated an audit of Defendant's benefit contributions for the Audit Period.

17. Based upon the records produced by Defendant during the audit, Legacy prepared a report of Defendant's contributions for the Audit Period finding that Defendant owes unpaid contributions for the Audit Period.

18. The Trust Funds demanded that Defendant pay contributions due for the Audit Period, but Defendant has failed to pay amounts due. Defendant made partial payment of the amount due the Trust Funds but Defendant stopped communicating with the Trust Funds, Defendant has ignored the Trust Funds' demands for payment, and Defendant still owes in excess of $45,000 in unpaid fringe benefit contributions.

## **COUNT I**

19. The Pension Fund hereby incorporates paragraphs 1 - 18 above as though fully set forth herein.

20. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all amounts owed to the Pension Fund for the Audit Period and/or

by failing to produce all books and records requested by Legacy Professionals and the Trust Funds as necessary to complete an audit of Defendant's contributions.

21. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

22. The Pension Fund has complied with all conditions precedent in bringing this suit.

23. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund and/or to compel production of all books and records necessary for an audit.

24. Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

25. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

26. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a) interest on any unpaid contributions; or

    (b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in its favor which orders Defendant:

    A. to pay any and all contribution amounts the Defendant owes the Pension Fund or which the Pension Fund is responsible for collecting or authorized to collect under the Agreements;

    B. to pay interest on the amount that is due;

    C. to pay interest or liquidated damages on the amount that is due;

5

D.      to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action;

E.      to pay auditors' fees incurred to establish the amount due; and

F.      to award the Pension Fund such other and further relief as the Court deems just and equitable.

## COUNT II

27.      The Health Fund hereby incorporates paragraphs 1 - 18 above as though fully set forth herein.

28.      Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all amounts owed to the Health Fund for the Audit Period and/or by failing to produce all books and records requested by Legacy Professionals and the Trust Funds as necessary to complete an audit of Defendant's contributions.

29.      The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Health Fund incurs in the collection process.

30.      The Health Fund has complied with all conditions precedent in bringing this suit.

31.      The Health Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Health Fund and/or to compel production of all books and records necessary for an audit.

32.      Defendant must pay attorneys' fees and court costs that the Health Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

33.      This Court should award the Health Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

34.      This Court should award the Health Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

  (a)  interest on any unpaid contributions; or

  (b)  liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Health Fund prays for judgment in their favor which orders Defendant:

  A.  to pay any and all contribution amounts the Defendant owes the Health Fund or which the Health Fund is responsible for collecting or authorized to collect under the Agreements;

  B.  to pay interest on the amount that is due;

  C.  to pay interest or liquidated damages on the amount that is due;

  D.  to pay the reasonable attorneys' fees and costs the Health Fund incurred in this action;

  E.  to pay auditors' fees incurred to establish the amount due; and

  F.  to award the Health Fund such other and further relief as the Court deems just and equitable.

## **COUNT III**

35. The Trainee Fund hereby incorporates paragraphs 1 - 18 above as though fully set forth herein.

36. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all amounts owed to the Trainee Fund for the Audit Period and/or by failing to produce all books and records requested by Legacy Professionals and the Trust Funds as necessary to complete an audit of Defendant's contributions.

37. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

38. The Trainee Fund has complied with all conditions precedent in bringing this suit.

39. The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund and/or to compel production of all books and records necessary for an audit.

40. Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

41. This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

42. This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

A. to pay any and all contribution amounts the Defendant owes the Trainee Fund or which the Trainee Fund is responsible for collecting or authorized to collect under the Agreements

B. to pay interest on the amount that is due;

C. to pay interest or liquidated damages on the amount that is due;

D. to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action;

E. to pay auditors' fees incurred to establish the amount due; and

F. to award the Trainee Fund such other and further relief as the Court deems just and equitable.

**COUNT IV**

43. The Retirement Fund hereby incorporates paragraphs 1 - 18 above as though fully set forth herein.

44. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all amounts owed to the Retirement Fund for the Audit Period and/or by failing to produce all books and records requested by Legacy Professionals and the Trust Funds as necessary to complete an audit of Defendant's contributions.

45. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Retirement Fund incurs in the collection process.

46. The Retirement Fund has complied with all conditions precedent in bringing this suit.

47. The Retirement Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Retirement Fund and/or to compel production of all books and records necessary for an audit.

48. Defendant must pay attorneys' fees and court costs that the Retirement Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

49. This Court should award the Retirement Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

50. This Court should award the Retirement Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a) interest on any unpaid contributions; or

    (b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Retirement Fund prays for judgment in their favor which orders Defendant:

A. to pay any and all contribution amounts the Defendant owes the Retirement Fund or which the Retirement Fund is responsible for collecting or authorized to collect under the Agreements;

B. to pay interest on the amount that is due;

C. to pay interest or liquidated damages on the amount that is due;

D. to pay the reasonable attorneys' fees and costs the Retirement Fund incurred in this action;

E. to pay auditors' fees incurred to establish the amount due; and

F. to award the Retirement Fund such other and further relief as the Court deems just and equitable.

        MID-AMERICA CARPENTERS REGIONAL
        COUNCIL PENSION FUND *et al.*


        By:   s/ Kevin P. McJessy
                One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com

## Memorandum of Agreement

| | | | |
|---|---|---|---|
| Employer | Bill Welding and Fabrication dba BWF Construction | Address: | 939 W. North Ave – Suite 750 |
| City | Chicago | State IL   Zip 60642 | Phone 312-871-2623 |

THIS AGREEMENT is entered into between the Chicago Regional Council of Carpenters ("Union") and the Employer, including its successors and assigns covering the geographic jurisdiction of the Union including the following counties in *Illinois*: Adams, Boone, Brown, Bureau, Carroll, Cass, Champaign, Christian, Clark, Coles, Cook, Crawford, Cumberland, De Kalb, Dewitt, Douglas, DuPage, Edgar, Effingham, Ford, Fulton, Green, Grundy, Hancock, Henderson, Henry, Iroquois, Jasper, Jo Daviess, Kane, Kankakee, Kendall, Knox, Lake, La Salle, Lee, Livingston, Logan, Macon, Macoupin, Marshall, Mason, McDonough, McHenry, McLean, Menard, Mercer, Montgomery, Morgan, Moultrie, Ogle, Peoria, Piatt, Pike, Putnam, Rock Island, Sangamon, Shelby, Schuyler, Scott, Stark, Stephenson, Tazewell, Vermilion, Warren, Whiteside, Will, Winnebago, Woodford. The following counties in *Iowa*: Louisa (north of the Iowa River), Muscatine, and Scott; *For Millwright work, the Illinois counties listed above and the following Iowa counties:* Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Winnebago, Winneshiek, Worth and Wright. The Union and the Employer do hereby agree to the following:

1. The Employer recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union. The Employer has reviewed sufficient evidence and is satisfied that the Union is the exclusive bargaining representative of a majority of its employees presently working within the territorial and occupational jurisdiction of the Union.

2. The Employer and the Union agree to incorporate into this Memorandum Agreement and to be bound by the Agreements negotiated between the Chicago Regional Council of Carpenters and various employers and employer associations throughout its territorial jurisdiction, including all Area Agreements for the period beginning with the execution of this Memorandum Agreement and ending on the expiration dates of any current and successor Agreements which are incorporated herein. Unless the Employer provides written notice by certified mail to the Chicago Regional Council of its desire to terminate or modify the Agreements at least three (3) calendar months prior to the expiration of such Agreements or unless otherwise stated in the Agreement, the Agreements shall continue in full force and effect through the full term and duration of all subsequent Agreements which are incorporated by reference.

3. The Employer agrees to be bound to the terms of the various Trust Agreements to which contributions are required to be made under the Agreements incorporated in Paragraph 2, including all rules and regulations adopted by the Trustees of each Fund.

In Witness Whereof the parties have executed this Memorandum of Agreement on this **8th** day of **July, 2020.**

| EMPLOYER | CHICAGO REGIONAL COUNCIL OF CARPENTERS |
|---|---|
| *Cassandra Harris* (signature) | (signature) |
| Cassandra Harris CEO | Authorized Regional Council Representative |
| Print Name and Title | |


EXHIBIT A

# Agreements

### (Illinois Central Region)

Mid American Regional Bargaining Association, Cook, Lake and DuPage
Mid American Regional Bargaining Association, Kane, Kendall and McHenry
Mid American Regional Bargaining Association, Will
Kankakee Contractors Association
Residential Construction Employers Council, Cook, Lake and DuPage
Residential Construction Employers Council, Will
Residential Construction Employers Council, Grundy
Woodworkers Association of Chicago (Mill-Cabinet)
Contractors Association of Will and Grundy Counties
Midwest Wall and Ceiling Contractors' Association

### (Illinois Western Region)

Quad City Builders Association, Commercial, Rock Island Mercer, Henry and Henderson
Floor Covering, Rock Island, Mercer, Henry and Henderson
Residential, Henry, Mercer Rock Island, and Henderson
Illinois Valley Contractors' Association Commercial, Bureau, LaSalle, Marshall, Putnam and Stark
Residential, Boone, Bureau, Carroll, DeKalb, Jo Daviess, LaSalle, Lee, Marshall, Ogle, Putnam, Stark, Stephenson, Whiteside and Winnebago
Commercial, DeKalb, portions of Ogle and Lee
Residential Construction Employers' Council, Boone, Bureau, Carroll, DeKalb, Jo Daviess, LaSalle, Lee, Marshall, Ogle, Putnam, Stark, Stephenson, Whiteside and Winnebago
Northern Illinois Building Contractors Association Inc., Boone, Carroll, , Jo Daviess, portion of Lee, portion of Ogle, Stephenson, Whiteside and Winnebago
Floor Covering, Boone, Carroll, DeKalb, Jo Daviess, Lee, Ogle, Stephenson, Whiteside and Winnebago
Millwright, Boone, Bureau, Carroll, DeKalb, Henderson, Henry, Jo Daviess, LaSalle, Lee, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, and Winnebago
Associated General Contractors of Illinois (Heavy and Highway) Highway Districts 2-3

### (Iowa)

Quad City Builders' Association, Commercial, Muscatine, Scott, Louisa north of Iowa River
Floorcovering, Louisa north of Iowa River, Muscatine and Scott
Residential, Louisa north of the Iowa River, Muscatine, Scott
Millwright Local 2158 and the Illowa Millwright Contractors' Association, Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Winnebago, Winneshiek, Worth and Wright
Heavy and Highway Associated Contractors Agreement Scott County
Heavy and Highway Contractors' Association, Louisa north of the Iowa River and Muscatine

(Illinois Southern Region)

Central Illinois Builders of AGC
Builders' Association of Tazewell County
Greater Peoria Contractors' and Suppliers' Association, Inc.
Residential Agreement
AGC Heavy & Highway Agreement
Mid-Central Illinois Millwright Contractors' Association Agreement
Central Illinois Builders-Greater Peoria-Tazewell Commercial Agreement
Central Illinois Builders-Greater Peoria-Tazewell Residential Agreement

The Employer Acknowledges receipt of a current copy of each agreement under which the company will be performing work. Each of the agreements are available upon request

It is also understood and agreed that it is the Employers' obligation to make a request for additional Collective Bargaining Agreement(s) in the event that the Company performs work in areas for which it has not already obtained a copy of the applicable Agreement.

_____
Employer

Date  07-08-2020